UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE NATHANIEL BROWN,

                Plaintiff,

    v.

PIERCE COUNTY JAIL,

                Defendant.

Case No. 3:19-cv-05228 BHS-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

Plaintiff Willie Nathaniel Brown has filed a civil rights complaint against Pierce County Jail. Dkt. 4. The Court has granted his motion for leave to proceed *in forma pauperis* (IFP). Dkt. 3.

As discussed below, however, the complaint has deficiencies that prevent the Court from directing service at this time. Plaintiff will be provided the opportunity by **May 3, 2019**, to show cause why the complaint should not be dismissed or to file an amended complaint.

## DISCUSSION

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) the plaintiff suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, plaintiff's amended complaint alleges that he has been placed on phone, mail, and visit restriction since February 23, 2018, when he was first detained at Pierce County Jail. Dkt. 4, p. 3. He alleges that these restrictions have prevented him from speaking with his family members or members of his community. *Id.* He alleges that his only means of communication is through his lawyer, "who doesn't alway[s] answer." *Id.* Plaintiff names only Pierce County Jail as a defendant.

The complaint suffers from deficiencies that, if not corrected in an amended complaint, require dismissal of the entire action. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Pierce County Jail is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Section 1983 applies to the actions of "persons" acting under color of state law. Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Owen v. City of Independence, Mo.*, 445 U.S. 622, 637 (1980) (holding § 1983 is expansive and does not expressly incorporate common law immunities). But "to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (holding Seattle Police Department is

not a legal entity capable of being sued under § 1983) (citing *Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990)).

If plaintiff seeks to hold a local governmental unit like Pierce County liable under section 1983, he must show that the entity itself violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the entity's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978)). A local governmental unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *See Monell*, 436 U.S. at 694. To sue Pierce County, Mr. Brown must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the County. *See id.* Plaintiff has not done so.

If plaintiff chooses to amend his complaint, he must write a short, plain statement telling the Court: (1) each of the names of the individual person(s) and/or entities who allegedly violated the right (the defendant or defendants); (2) factual allegations stating exactly what that individual person or entity did or failed to do under color of state law; (4) how the action or inaction of that individual person or entity is connected to a violation of plaintiff's federal constitutional or federal statutory rights; and (5) what specific injury plaintiff suffered because of each defendant's conduct or lack of action.

If plaintiff alleges that certain individuals violated his constitutional rights, he must name those individuals as defendants and must allege in more specific terms how their action or inaction violated a specific constitutional right. And if plaintiff alleges that a local governmental

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

unit violated his constitutional rights, he must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of that entity.

Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before May 3, 2019**. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues in this order, the undersigned will recommend dismissal of this action under 28 U.S.C. § 1915(e)(2).

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 3rd day of April, 2019.

Theresa L. Fricke
United States Magistrate Judge