UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIE NATHANIEL BROWN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PIERCE COUNTY JAIL,<br><br>　　　　　　　Defendant. | Case No. 3:19-cv-05228 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED: JULY 5, 2019 |

Plaintiff Willie Nathaniel Brown has filed a civil rights complaint against Pierce County Jail. Dkt. 4. The Court granted his motion for leave to proceed *in forma pauperis* (IFP). Dkt. 3. On April 3, 2019, the Court directed plaintiff to amend his complaint or otherwise show cause why the complaint should not be dismissed. Dkt. 5. Plaintiff has not responded.

For the reasons discussed below and in the Order to Show Cause or Amend the Complaint, Dkt. 5, the complaint fails to state a claim upon which relief can be granted. *See* Dkt. 4; FRCP 12(b)(6). Plaintiff has been provided an opportunity to comply with the pleading requirements and has not done so. Accordingly, the Court should dismiss the complaint without prejudice.

**DISCUSSION**

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief under 42 U.S.C. § 1983, a

1  plaintiff must show that: (1) the plaintiff suffered a violation of rights protected by the

2  Constitution or created by federal statute, and (2) the violation was proximately caused by a

3  person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.

4  1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right

5  allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a

6  plaintiff must allege facts showing how individually named defendants caused, or personally

7  participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350,

8  1355 (9th Cir. 1981).

9       Here, plaintiff's complaint alleges that he has been placed on phone, mail, and visit

10 restriction since February 23, 2018, when he was first detained at Pierce County Jail. Dkt. 4, p. 3.

11 He alleges that these restrictions have prevented him from speaking with his family members or

12 members of his community. *Id.* He alleges that his only means of communication is through his

13 lawyer, "who doesn't alway[s] answer." *Id.*

14      Plaintiff has had the opportunity to amend the complaint to allege facts sufficient to state

15 a § 1983 claim, and he has not done so. The complaint suffers from deficiencies that require

16 dismissal of the entire action. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

17      Plaintiff names only Pierce County Jail as a defendant. Pierce County Jail is not a legal

18 entity capable of being sued in a 42 U.S.C. § 1983 action. Section 1983 applies to the actions of

19 "persons" acting under color of state law. Municipalities are subject to suit under § 1983. *Monell*

20 *v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Owen v. City of*

21 *Independence, Mo.*, 445 U.S. 622, 637 (1980) (holding § 1983 is expansive and does not

22 expressly incorporate common law immunities). But "to bring an appropriate action challenging

23 the actions, policies or customs of a local governmental unit, a plaintiff must name the county or

24

25

REPORT AND RECOMMENDATION - 2

city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (holding Seattle Police Department is not a legal entity capable of being sued under § 1983) (citing *Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990)).

If plaintiff seeks to hold a local governmental unit like Pierce County liable under section 1983, he must show that the entity itself violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the entity's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978)). A local governmental unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *See Monell*, 436 U.S. at 694. To sue Pierce County, Mr. Brown must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the County. *See id.* He has not done so.

## CONCLUSION

Because the complaint, Dkt. 5, does not state a claim for relief under 42 U.S.C. § 1983, the Court should DISMISS this action under 28 U.S.C. § 1915(e)(2).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **July 5, 2019**, as noted in the caption.

1    The Clerk is directed to send Plaintiff a copy of this Report and Recommendation.

2    Dated this 12th day of June, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4